UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 3:06-cv-00134

| | |
|---|---|
| FRANK BETZ ASSOCIATES, INC, <br> Plaintiff, <br><br> v. <br><br> ROBERT INGRAHAM and ROBERT <br> INGRAHAM HOMES, INC., <br> Defendants/Third-Party <br> Plaintiffs <br><br> v. <br><br> DOUGLAS E. TINO, INC., and <br> DOUGLAS E. TINO <br> Third-Party Defendants | **STIPULATION AND CONSENT <br> ORDER RESPECTING <br> CONFIDENTIALITY OF <br> DISCOVERY MATERIALS** |

Plaintiff Frank Betz Associates, Inc., Defendants/Third-Party Plaintiffs Robert Ingraham and Robert Ingraham Homes, Inc., and Third-Party Defendants Douglas E. Tino, Inc. and Douglas E. Tino, through counsel and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, acknowledge that the parties may seek information or documents through discovery which are or may be considered to be confidential by another party, and hereby stipulate and agree, for purposes of the above-captioned litigation and subject to the approval of the Court as follows:

1. This Stipulation and Order governs the use of all produced documents, responses to interrogatories and responses to requests for admissions, deposition transcripts, and any other information, document(s) or object(s) which have been or will be produced or received by any party during pretrial proceedings in this action pursuant to the Federal Rules of Civil Procedure, as well as any and all copies, abstracts, digests, notes, and summaries thereof. These materials are collectively referred to herein as "Discovery Materials."

241795 v 1

1

2. Any Discovery Materials produced by any party which are deemed in good faith to contain confidential and/or proprietary information may be designated "CONFIDENTIAL" in the manner set forth below, and such materials so designated are hereafter referred to as "Confidential Materials."

3. With respect to document productions, the producing party may designate documents as Confidential by causing each document which contains such information to be stamped or labeled "Confidential." With respect to depositions, the party or witness may, by statement on the record or by other agreement of counsel, designate any portion of deposition testimony as Confidential. With respect to answers to interrogatories or responses to requests for admissions, a party may designate all or any portion of such responses as Confidential by clearly labeling them as such in the body of the response or by prefacing the response with an objection on the grounds that the discovery requests confidential or proprietary information.

4. In the event any party disagrees with the designation of any Discovery Materials as Confidential, counsel shall attempt to resolve the disagreement on an informal basis. If it is necessary to present the dispute to the Court for resolution, it shall be the responsibility of the party opposing the designation to move the Court for an order compelling the disclosure without the Confidential restriction. On such a motion, the moving party shall have the burden to demonstrate that the materials qualify for production under the Federal Rules of Civil Procedure and/or other applicable authorities. On such motion, the producing party shall have the burden

to demonstrate the need for the confidential designation of such materials. Unless and until the Court shall issue a final ruling that the material is not of a confidential nature, the material in question shall continue to be treated by all parties as Confidential as originally designated and the parties shall adhere to all provisions related to the designation provided herein.

5. All Confidential Materials produced during the discovery in this action shall be used only for the prosecution or defense of this action, filed in the United States District Court for the Western District of North Carolina, Civil Action No. 3:06-cv-00134, and shall not be used or employed for any business or competitive purpose or any other purpose whatsoever; and further if a party desires to utilize Confidential Materials produced during the discovery in this action for any purpose other than the prosecution or defense of this action, such party shall give the producing party at least ten (10) days written notice of such intention and such notice shall specify clearly the materials that the party desires to disclose and the purpose for which the materials are to be disclosed, so as to afford the producing party the opportunity to apply to the Court for an order of nondisclosure or for other protection.

6. If a party wishes to submit to the Court any Confidential Material or to use or refer to the same in briefs, affidavits, or any other documents or submissions, such materials using or referring to such Confidential Materials shall be filed with the Court in a sealed envelope marked "CONFIDENTIAL" with the request that the Court file the materials under seal.

7. The parties may further limit disclosure of any material marked Confidential by adding "Attorneys and Experts Only" immediately after the Confidential designation. If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as Attorneys and Experts Only shall be disclosed only to individual attorneys listed as counsel of record for the parties, expert witnesses assisting counsel in this matter, the Court, and stenographic reporters engaged in proceedings incident to the preparation for adjudication of this action, including deposition reporters and their transcribers. Expert witnesses may include individuals employed by a party as well as independent outside experts. In the event that either party disagrees with any Attorneys and Experts Only designation, the parties will try first to resolve such dispute on an informal basis. If necessary, the party objecting to the designation may petition the Court for relief from such designation after giving the other party notice and an opportunity to be heard on the matter. Such information shall remain for Attorneys and Experts Only during such petition.

8. If a party wishes to introduce any "Confidential" materials on the public record at a hearing or trial, such party shall give the producing party at least ten (10) days written notice of such intention and such notice shall specify clearly those materials intended to be disclosed and the manner in which they are to be disclosed, so as to afford the producing party the opportunity to apply to the Court for an order of nondisclosure or for other protection.

241795 v 1

4

9. Nothing contained in this Order shall restrict the rights of any party to use and dispose of its own documents or to use and dispose of information obtained or developed by the party independently of (including publicly available documents) and without reference to documents, transcripts, and other information provisionally afforded confidential treatment pursuant to this Order.

10. In entering this Order, this Court expressly does not address or decide whether material designated "Confidential" is protectable.

11. By consenting to the issuance of this Order, neither party shall be deemed to have waived its right to oppose production of any document, thing, or information for lack of timeliness or relevance or materiality or as privileged communication or as a work product of counsel or as not calculated to lead to the discovery of admissible evidence or any other ground permitted by the Federal Rules of Civil Procedure or of Evidence.

12. This Stipulation and Order shall not preclude any party from applying to the Court for the relief from any provision hereof or from asserting that certain Discovery Materials should receive greater confidentiality protection than provided herein.

13. All Confidential Materials and all copies thereof shall be returned to the producing party at the termination of this action, or shall be destroyed, at the option of the party producing such materials during discovery.

14. All Confidential Materials and all copies thereof filed under seal shall be retrieved within thirty (30) days after the termination of this action by the party responsible for the filing of the Discovery Materials with the Court.

15. This Stipulation and Order shall become effective as a stipulation among the parties immediately upon its execution by counsel for all parties, notwithstanding the pendency of approval by the Court. If approval by the Court is ultimately withheld or made conditional, no party shall treat any "CONFIDENTIAL" materials produced other than as provided in this Stipulation and Order without giving the producing party sufficient advance notice to allow for application to the Court for additional relief.

16. This Stipulation and Order is without prejudice to the right of any party to seek modification or amendment of this Order by further order of this Court upon motion and notice.

It is hereby ORDERED that the attached Stipulation Respecting Confidentiality of Discovery Materials, stipulated to by the undersigned parties, is approved and is hereby entered as an Order of the Court.

This the 20th day of December, 2006.

*Carl Horn, III*

United States Magistrate Judge Presiding

WE CONSENT:

    WYCHE, BURGESS, FREEMAN & PARHAM, P.A.

BY: _____
    Mark W. Bakker (N.C. Bar No. 21906)
    Wallace K. Lightsey
    Frank S. Holleman III
    Troy A Tessier
    Post Office Box 728
    Greenville, SC 29602-0728
    Telephone: (864) 242-8200
    Facsimile: (864) 235-8900

WE CONSENT:

ADAMS EVANS, P.A.

BY: _____
Matthew J. Ladenheim
2180 Two Wachovia Center
301 South Tryon Street
Charlotte, NC 28282-6000
Telephone: (704) 375-9249
Facsimile: (704) 375-0729

WE CONSENT:

**CRANFILL, SUMNER & HARTZOG, LLP**

BY: _____
Bradley P. Kline
Emerson M. Thompson, III
227 West Trade Street
Suite 600
Charlotte, NC 28202
Telephone: (704) 332-8300
Facsimile: (704) 332-9994